UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 700 VALENCIA STREET LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>FARINA FOCACCIA & CUCINA ITALIANA, LLC, et al.,<br><br>  Defendants. | Case No. 15-cv-04931-JCS<br><br>Related Case No. 15-cv-02286-JCS<br><br>**ORDER GRANTING DEFENDANT LUCA MINNA'S MOTION TO DISMISS UNLAWFUL DETAINER COMPLAINT**<br><br>Re: Dkt. No. 34 |

## I. INTRODUCTION

The dispute in these related cases revolves around a commercial lease for a restaurant property located at 702-706 Valencia Street, in San Francisco, California. In the lower-numbered case ("the Breach of Contract Action"), filed on May 21, 2015, Farina Focaccia & Cucina Italiana, LLC ("Farina Focaccia") asserts, *inter alia*, that landlord 700 Valencia Street LLC ("700 Valencia") breached the parties' lease agreement by refusing to extend the lease pursuant to an option that Farina Focaccia contends it validly exercised. The higher-numbered case ("the Unlawful Detainer Action") is an unlawful detainer case against Farina Focaccia and Luca Minna. That case was removed to federal court and has been related to the Breach of Contract Action. The Court has found that it has diversity jurisdiction over both the Breach of Contract Action (see Transcript of Proceeding, October 16, 2015, Case No. 15-02286) and the Unlawful Detainer Action (see February 10, 2016 Order, Docket No. 23, Case No. 15-4931 at 13). Presently before the Court is Luca Minna's Motion to Dismiss Unlawful Detainer Complaint ("Motion"). The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b) and therefore vacates the hearing scheduled for **April 22, 2016**. For the reasons

stated below, the Motion is GRANTED.[1]

## II.     BACKGROUND

### A.     The September 22 Unlawful Detainer Action

On September 22, 2015, 700 Valencia filed an unlawful detainer action in San Francisco Superior Court ("the September 22 Unlawful Detainer Action"). 700 Valencia used a form unlawful detainer Complaint ("Complaint" or "the Unlawful Detainer complaint") created by the Judicial Council of California. Motion, Ex. A. On the first page of the Complaint, the defendant is listed as: Farina Focaccia & Cucina Italiana, LLC; see attachment MC-025." The attachment, which is page 4 of the Complaint, lists the following additional defendants: Luca Minna, James Kostelni, LuLu Holdings, Inc., and Global Trading and Marketing LLC and Does 1-5. *Id*. The Complaint states in item 3 that "Defendant named above is in possession of the premises located at . . . : 702, 704, and 706 Valencia Street, City and County of San Francisco, CA 94110." *Id*. In item 6a, the Complaint states that Farina Focaccia entered into a written lease agreement with 700 Valencia. *Id*. In item 6c, the Complaint states that the "other defendants not named in item 6a" are neither "subtenants" nor "assignees" but "other"; 700 Valencia has typed next to this: "Unlawfully claiming a lease hold interest in the premises." *Id*. 700 Valencia demands possession of the property located at 702, 704 and 706 Valencia Street, as well as damages at a rate of $280/day (the fair rental rate of the property) starting May 1, 2015. *Id.* 700 Valencia also requests reasonable attorneys' fees and forfeiture of the agreement. *Id*. Attached to the Unlawful Detainer complaint as exhibits are the Commercial Lease agreement between Farina Focaccia and 700 Valencia signed by Luca Minna on behalf of Farina Focaccia ("Commercial Lease"), the Guaranty of Lease showing that Luca Minna is the guarantor of the Commercial Lease ("Guaranty"), and a sublease agreement between Farina Focaccia and James Kostelni. *Id*.

700 Valencia has dismissed without prejudice all of the defendants in the September 22 Unlawful Detainer action except Farina Focaccia and Luca Minna.

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

### B. The Motion

Minna brings the Motion "pursuant to 8(a)(2) and Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that no claim for relief is stated" in the Unlawful Detainer Action as to Defendant Luca Minna. Motion at 2. Citing *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544 (2007), he contends the allegations in the form complaint that 700 Valencia used in the Unlawful Detainer Action are conclusory and unsupported by any factual allegations and therefore do not satisfy the requirements of Rule 8(a)(2). Motion at 4. Minna focuses particular attention on the allegation in the Unlawful Detainer complaint that Minna is "unlawfully claiming a lease hold interest in the premises," and offers a declaration stating that he does not claim such an interest. *Id*. *See also* Minna Declaration, Docket No. 34-1. Minna contends the Court can consider the declaration because he is challenging the Court's subject matter jurisdiction under Rule 12(b)(1), which permits the Court to consider extrinsic evidence. *Id*. at 6.

Minna also contends the fact that he is a guarantor of the Lease does not give rise to a claim against him because any obligation under the Guaranty is contingent on Farina Focaccia failing to meet its obligations under the Commercial Lease. Reply at 3. Therefore, until Farina Focaccia is found to owe money to 700 Valencia and Farina Focaccia fails to pay, 700 Valencia has no claim against him, he asserts. *Id*.

## III. ANALYSIS

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to bring a motion for lack of subject matter jurisdiction. When a defendant moves to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff, as the party seeking to invoke the court's jurisdiction by filing the complaint, bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As noted above, however, the Court has already found that there is subject matter jurisdiction in the Unlawful Detainer Action on the basis of diversity. Therefore, Minna's reliance on Rule 12(b)(1) is misplaced.

3

**B.     Rule 12(b)(6)[2] and 8(a)(2)**

###  1.  Legal Standard

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). "A court may . . . consider . . . documents attached to the complaint without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff need not plead a prima facie case in order to survive a motion to dismiss pursuant to Rule 12(b)(6). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002); *see also Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) (reaffirming the holding of *Swierkiewicz* in light of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A complaint must however "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

---

[2] Although Minna does not expressly rely on Rule 12(b)(6), his challenge to the conclusory allegations in the Unlawful Detainer complaint appears to be based, at least in part, on the requirements of Rule 12(b)(6).

4

cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

Finally, "[t]he Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). Therefore, although this action is brought under California substantive law, the pleading requirements of Rule 12(b)6) and Rule 8(a) apply to 700 Valencia's complaint.

### 2. Discussion

700 Valencia brings its unlawful detainer action under California Code of Civil Procedure section 1161, which provides, in relevant part, that "[a] tenant of real property, for a term less than life . . . is guilty of unlawful detainer . . .[w]hen he or she continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to him or her." California courts have made clear that unlawful detainer actions are aimed at *actual* possession. *See Markham v. Fralick*, 2 Cal. 2d 221, 226-27 (1934)("The statute does not authorize the recovery of any money the right to which accrued before the unlawful detention began, except arrears of rents. And this recovery can only be had against the person guilty of such detention, for the main thing sought is the possession of the property"); *Chase v. Peters*, 37 Cal. App. 358, 361 (Cal. Ct. App. 1918) (same); *see also Saipan Achugao Resort Members' Ass'n v. Wan Jin Yoon*, No. CV-06-0049-GA, 2011 WL 5223121, at *12 (D. N. Mar. I. Oct. 31, 2011) (noting that "[t]he distinction [between actual, physical possession of property or the right to possession of property] is important because the law that governs right to possession is often distinct from the law that governs actual possession") (citing *Gentry v. Smith*, 487 F.2d 571, 578 (5th Cir.1973) (concluding that party was real owner and was thus entitled to right of possession, but that party could not take actual possession of property away from present possessor without

instituting an unlawful detainer action)).

Here, the allegations are not sufficient to support a plausible inference that Minna is in *actual* possession of the property at issue. The only allegation as to possession is that "Defendant named above is in possession of the premises . . . ." To the extent this allegation might support an inference that *Minna* is in actual possession of the premises, it is contradicted by the answer to Question 6 that Minna is neither a subtenant nor an assignee, but rather, is named as a defendant because he allegedly claims a "lease hold interest" in the property. 700 Valencia has not cited any cases suggesting that it is sufficient to state a claim for unlawful detainer to allege that a defendant claims a lease hold interest in the property. Nor has the Court found any such authority.

Further, to the extent that 700 Valencia relies on the fact that Minna is the guarantor on the Commercial Lease, as is reflected in the documents attached to the Unlawful Detainer complaint, it also has cited no authority that a guarantor may be sued as an unlawful detainer where the guarantor is not in actual possession of the premises. Again, the Court has found no authority to support that proposition.

Finally, the claim is not saved by the fact that 700 Valencia has used a form complaint. While the form undoubtedly is intended to ensure that a plaintiff's allegations are sufficient to survive a challenge on the pleadings, the allegations as to Minna simply do not meet the requirements of *Iqbal* and *Twombly*.

## IV.   CONCLUSION

For the reasons stated above, the Motion is GRANTED and Luca Minna is dismissed from the Unlawful Detainer action

**IT IS SO ORDERED.**

Dated: April 19, 2016

JOSEPH C. SPERO
Chief Magistrate Judge