UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 700 VALENCIA STREET LLC,<br><br>Plaintiff,<br><br>v.<br><br>FARINA FOCACCIA & CUCINA ITALIANA, LLC,<br><br>Defendant. | Case No. 15-cv-04931-JCS<br>Related Case No. 15-cv-02286-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ENTRY OF JUDGMENT, DAMAGES, WRIT OF POSSESSION, ATTORNEYS' FEES AND COSTS, AND OTHER RELIEF AND STAYING CLAIMS IN RELATED CASE**<br><br>Re: Dkt. No. 104 |

## I. INTRODUCTION

Following a bench trial, the undersigned found in favor of 700 Valencia Street LLC ("700 Valencia") in this unlawful detainer action. Presently before the Court is 700 Valencia's Motion For Entry of Judgment, Damages, Writ of Possession, Attorneys' Fees and Costs, and Other Relief ("Motion"). A hearing on the Motion was held on Friday, August 11, 2017 at 9:30 a.m. The parties have consented to the jurisdiction of the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

In the Motion, 700 Valencia seeks the following relief: 1) entry of judgment and issuance of a writ of possession; 2) monetary damages for the fair market rental value of the property that is the subject of this action ("the Property") from April 30, 2015 to the date of this order, at a rate of $395/day; 3) attorneys' fees in the amount of $675,611.73; and 4) costs in the amount of

1  $25,855.71.[1]

Defendant Farina Focaccia & Cucina Italian, LLC ("Farina") asks the Court to deny 700 Valencia's requests for money damages and attorneys' fees on equitable grounds, arguing that when 700 Valencia takes possession of the Property, Farina will forfeit the $2 million it spent to build out a restaurant in the space and 700 Valencia will be unjustly enriched. Even if the Court awards damages, Farina argues that the monthly rental rate used to calculate the award should be $8,400/month, that is, the amount set forth in the unlawful detainer complaint. Farina also argues that the attorneys' fees 700 Valencia seeks are excessive, both as to the rates charged and the time billed, and that 700 Valencia's fee request should be denied in any event because it did not properly meet and confer with Farina before bringing the instant motion. Finally, Farina objects to certain specific costs requested by 700 Valencia.

## III. ANALYSIS

### A. Entry of Judgment and Issuance of Writ of Possession

700 Valencia ask the Court to enter judgment in this action and issue a Writ of Possession pursuant to Rule 70(d) of the Federal Rules of Civil Procedure and California Code of Civil Procedure sections 1174(a), 712.010 and 715.010. The Court has already found that "700 Valencia is entitled to judgment in its favor on its unlawful detainer action." Findings of Fact and Conclusions of Law, Dkt. No. 97 at 11. While it may also be entitled to a Writ of Possession, the Court finds that the request is premature in light of the post-judgment motions Farina intends to file.

Rule 70(d) provides that "[o]n application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance." Courts in this district look to California law to supply the specific requirements governing the issuance of a writ of possession. *See United States v. SF Green Clean, LLC,* No. 14-CV-01905 JSW (NC), 2014 WL 7638619, at *2 (N.D. Cal. Nov. 12, 2014), report and recommendation adopted, No. C 14-01905 JSW, 2015 WL 237323 (N.D. Cal. Jan. 15, 2015), aff'd, 656 F. App'x 319 (9th Cir. 2016) ("Given that no

---

[1] This amount was adjusted in 700 Valencia's Reply brief and therefore does not match exactly the figure sought in the Motion for costs.

2

federal statute applies, and from an examination of other federal rules analogous to Rule 70, this Court looks to the section of California law that provides for the return of real property to creditors via a writ of possession in order determine the requirements the government must meet to obtain such a writ."). The provisions of California law that govern the issuance of a writ of possession are found at California Code of Civil Procedure sections 712.010 and 715.010(a).

California Civil Procedure Code section 715.010 states that "[a] judgment for possession of real property may be enforced by a writ of possession of real property issued pursuant to Section 712.010." Cal. Civ. Proc. Code § 715.010(a). Section 712.010, in turn, states that "[a]fter entry of a judgment for possession or sale of property, a writ of possession or sale shall be issued by the clerk of the court upon application of the judgment creditor and shall be directed to the levying officer in the county where the judgment is to be enforced." Cal. Civ. Proc. Code § 712.010. Section 715.010(b) sets forth the specific requirements for a writ of possession.

700 Valencia has supplied a proposed Writ of Possession [Dkt. No. 104-8] that complies with the requirements of California law. Nonetheless, the Court has found no authority suggesting that it does not have the discretion to delay issuance of a writ of possession pending resolution of post-judgment motions that may have implications for 700 Valencia's right of possession. At oral argument, 700 Valencia did not disagree with the Court's suggestion that a delay in issuance of a writ of possession until after post-judgment motions have been resolved is reasonable. Nor did it point to any authority suggesting the Court does not have that authority.

Accordingly, the Court GRANTS 700 Valencia's request for entry of judgment. The Court will enter judgment in favor 700 Valencia in the unlawful detainer action. The Court denies 700 Valencia's request for a Writ of Possession without prejudice to renewal of the request after Farina's post-judgment motions have been decided.

### B. Damages

As a general rule, "[t]he measure of damages to which a landlord is entitled for an unlawful detainer is the reasonable rental value of the property." *Superior Motels, Inc. v. Rinn Motor Hotels, Inc*., 195 Cal. App. 3d 1032, 1069 (1987) (citations omitted). "'Ordinarily, it might be said that the agreed rent is evidence of the rental value, but . . . such rental value may be greater

3

or less than the rent provided for in the lease.'" *Id*. (quoting *Harris v. Bissell*, 54 Cal. App. 307, 312-313 (1921)). Although the California Supreme Court "long ago recognized the broad scope of equity in unlawful detainer actions," the court's equity authority "must be exercised pursuant to the principle that equity follows the law." *Id*. (citing *Johnson v. Tago, Inc*., 188 Cal. App. 3d 507, 518 (1986)). "A court of equity cannot grant relief which the law denies." *Johnson v. Tago, Inc*., 188 Cal. App. 3d at 518.

The Court found at the conclusion of the bench trial that the current fair market rental value of the property is $12,000 per month. Findings of Fact and Conclusions of Law, Dkt. No. 97 at 3. Therefore, the Court concludes that a daily rate based on that monthly rental value, that is, approximately $395/day, for each day of unlawful possession will provide a reasonable measure of damages. The Court rejects Farina's assertion that 700 Valencia is bound by the fair market rental value stated in its Complaint. Farina has cited no authority for this proposition. Nor does the Court find persuasive Farina's argument that it must rely on the amount stated in the Complaint because it used that amount in determining whether to remand the unlawful detainer action. *See* Opposition at 6-7. It is not relevant that the Court relied on the amount stated in the original unlawful detainer complaint when it ruled on the motion to remand because there, the applicable legal standard *required* the Court to look to the face of the complaint to determine whether the action had been improperly removed. *See* Dkt. No. 23 (Order Denying Motion To Compel Arbitration and Dismiss Claims in Case No. 15-Cv-02286, Denying Motion to Remand in Case No. 15-Cv-04931 and Denying Motion to Consolidate) at 10 (noting that "[w]here a defendant removes an action to federal court on the basis of diversity, the burden on a plaintiff seeking remand under 28 U.S.C. § 1447(c) depends on whether or not the amount in controversy is clear from the face of the complaint."). That standard has no bearing on the Court's determination of damages after a bench trial.

Furthermore, the only evidence in the record on this question supports the conclusion that the fair rental value is $12,000/month. In particular, at trial, Mr. O'Connor testified that he signed the unlawful detainer complaint prepared by his attorneys – which listed a daily rental value of $280, based on a monthly rate of $8,400 – because he believed that the "fair rental value" was to

4

be based on the contractual rental rate. Trial Transcript at 340. He further testified that the actual market rental value is $12,000/month and the Court credited that testimony. As Farina does not challenge this amount as a *factual* matter, the Court concludes that it is the appropriate basis on which to calculate 700 Valencia's damages.

The Court also rejects Farina's argument that the Court should exercise its equitable power to deny 700 Valencia an award of damages (or attorneys' fees) because 700 Valencia will be unjustly enriched if it is allowed both to take possession of a much-improved property and also to receive an award of damages and attorneys' fees in this action. As a preliminary matter, the Court made no factual findings on the value of the improvements in its Findings of Fact and Conclusions of Law. Consequently, the Court has no reasonable basis upon which to evaluate the amount of unjust enrichment alleged by Farina. Even more problematic for Farina's position is the fact that the Lease Agreement expressly provides that:

> All alterations, additions, fixtures and improvements, including without limitation all improvements made pursuant to a Scope of Work, whether temporary or permanent in character, made in or upon the Premises either by LANDLORD or TENANT, shall at once belong to LANDLORD and become part of the Premises and shall remain on the Premises without compensation of any kind to TENANT, unless LANDLORD requires their removal under the Provisions set forth below.

Lease at ¶ 24.2. In light of this provision, any exercise of the Court's equity authority premised on the conclusion that 700 Valencia will be unjustly enriched when it takes possession of the improved Property would be contrary to the contractual agreement between the parties and therefore would not be lawful. *See Johnson v. Tago, Inc.*, 188 Cal. App. 3d at 518; *Broken Heart Venture, L.P. v. A & F Rest. Corp.*, 859 S.W.2d 282, 285 (Mo. Ct. App. 1993) (rejecting tenant's request for set-off against damages reflecting amount of improvements to rented property in unlawful detainer action based, in part, on lease provision precluding such a set-off).

Therefore, the Court finds that 700 Valencia is entitled to an award of damages calculated at a daily rate of $395/day from April 30, 2015 to the date of actual possession of the Property.

### C. Attorneys' Fees and Costs

The undersigned has already found that this action is "an action on a contract" under

5

California Civil Code section 1717. Dkt. No. 55 at 2. Therefore, 700 Valencia is entitled to an award of reasonable attorneys' fees and costs under that section. The Court rejects Farina's suggestion that fees and costs should be denied for failure to meet and confer prior to filing the instant Motion. Therefore, the Court GRANTS the Motion to the extent that it finds that 700 Valencia is entitled to an award of reasonable attorneys' fees and costs. The Court declines, however, to determine the amount of reasonable fees and costs at this time as Farina's post-judgment motions will likely result in additional recoverable fees and costs. Therefore, as to the *amount* of fees and costs to which 700 Valencia is entitled, the Motion is DENIED without prejudice to bringing a motion for attorneys' fees and costs after Farina's post-judgment motions have been decided. Prior to filing that motion, the parties are instructed to meet and confer as to the specific rates and amounts sought by 700 Valencia.

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED in part and DENIED in part. The Clerk is instructed to enter judgment in favor of 700 Valencia in Case No. C-15-04931 JCS stating that 700 Valencia is entitled to possession of the Property and damages in the amount of $329,825.00 plus post-judgment damages at a rate of $395/day for each day that Farina remains in possession of the Property. The Court GRANTS the Motion as to 700 Valencia's entitlement to an award of reasonable fees and costs but DENIES the Motion without prejudice as to the amount of fees and costs. 700 Valencia may renew its request as to the amount of fees and costs after the Court decides Farina's post-judgment motions. Similarly, the Court DENIES 700 Valencia's request for a Writ of Possession without prejudice to renewal of the request after the Court decides Farina's post-judgment motions. The affirmative claims that have not been dismissed in Related Case No. C-15-2286 are STAYED pending resolution of Farina's post-judgment motion in this action.

**IT IS SO ORDERED.**

Dated: August 11, 2017

JOSEPH C. SPERO
Chief Magistrate Judge